Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HEED, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES, INC., ALAN B. MILLER, and STEVE FILTON,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff David Heed ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Universal Health Services, Inc.

1
Class Action Complaint for Violation of the Federal Securities Laws

("Universal Health" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired publicly traded Universal Health securities between February 26, 2015 and December 7, 2016, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business and operate facilities in this district, and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased Universal Health securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7. Defendant Universal Health, through its subsidiaries, owns and operates acute care hospitals, behavioral health centers, surgical hospitals, ambulatory surgery centers, and radiation oncology centers. The Company is incorporated in Delaware with principal executive offices located at Universal Corporate Center, 367 South Gulph Road, King of Prussia, Pennsylvania 19406. The Company operates a facility in this district at 4619 Rosemead Boulevard, Rosemead, CA 91770. The Company's Class B common stock trades on the NYSE under the ticker symbol "UHS".

8. Defendant Alan B. Miller ("Miller") has been the Chairman and Chief Executive Officer ("CEO") of Universal Health since 1978.

9. Defendant Steve Filton ("Filton") has been the Chief Financial Officer ("CFO") and Senior Vice President of Universal Health since February 2003. Defendant Filton has also served as Universal Health's Secretary since September 1999.

10. Defendants Miller and Filton are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

    (a) directly participated in the management of the Company;

    (b) was directly involved in the day-to-day operations of the Company at the highest levels;

    (c) was privy to confidential proprietary information concerning the Company and its business and operations;

Class Action Complaint for Violation of the Federal Securities Laws

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

12. Universal Health is liable for the acts of the Individual Defendants and their employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of Universal Health are similarly imputed to Universal Health under *respondeat superior* and agency principles.

14. Defendant Universal Health and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS
## Materially False and Misleading Statements

15. On February 26, 2015, the Company filed a Form 10-K for the fiscal year ended December 31, 2014 (the "2014 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2014. The 2014 10-K was signed by Defendants Miller and Filton. The 2014 10-K also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Miller and

Filton attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

16. The 2014 10-K stated the various commitments that Universal Health abides by in order to achieve "long-term results" for investors, stating in pertinent part:

> *Our Mission*
>
> Our mission and objective is to provide superior healthcare services that patients recommend to families and friends, physicians prefer for their patients, purchasers select for their clients, employees are proud of, and investors seek for long-term results. To achieve this, we have a commitment to:
>
> • service excellence
>
> • continuous improvement in measurable ways
>
> • employee development
>
> • ethical and fair treatment
>
> • teamwork
>
> • compassion
>
> • innovation in service delivery

17. The 2014 10-K stated that Universal Health has "a comprehensive ethics and compliance program that is designed to meet or exceed applicable federal guidelines and industry standards" and that it believes it complies with governmental regulations governing the healthcare industry, stating in pertinent part:

> We monitor all aspects of our business and have developed a comprehensive ethics and compliance program that is designed to meet or exceed applicable federal guidelines and industry standards...we believe our policies, procedures and practices comply with governmental regulations…

18. On February 25, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2015. The 2015 10-K was signed by Defendants Miller and Filton. The 2015 10-K also contained signed SOX certifications by Defendants Miller and Filton attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19. The 2015 10-K stated the various commitments that Universal Health abides by in order to achieve "long-term returns" for investors, stating in pertinent part:

> *Our Mission*
>
> Our mission and objective is to provide superior quality healthcare services that patients recommend to families and friends, physicians prefer for their patients, purchasers select for their clients, employees are proud of, and investors seek for long-term returns. To achieve this, we have a commitment to:
>
> • service excellence
>
> • continuous improvement in measurable ways
>
> • employee development
>
> • ethical and fair treatment

- teamwork

- compassion

- innovation in service delivery

20. The 2015 10-K stated that Universal Health has "a comprehensive ethics and compliance program that is designed to meet or exceed applicable federal guidelines and industry standards" and that it believes it complies with governmental regulations governing the healthcare industry, stating in pertinent part:

> We monitor all aspects of our business and have developed a comprehensive ethics and compliance program that is designed to meet or exceed applicable federal guidelines and industry standards…we believe our policies, procedures and practices comply with governmental regulations…

21. On May 6, 2016, the Company filed a Form 10-Q for the quarter ended March 31, 2016 (the "1Q 2016 10-Q") with the SEC, which provided the Company's first quarter 2016 financial results and position and stated that the Company's disclosure controls were effective as of March 31, 2016. The 1Q 2016 10-Q also disclosed that, as of March 31, 2016, "[t]here have been no changes in our internal control over financial reporting or in other factors during the first quarter of 2016 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 1Q 2016 10-Q was signed by Defendants Miller and Filton. The 1Q 2016 10-Q contained signed SOX certifications by Defendants Miller and Filton attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

22. On August 5, 2016, the Company filed a Form 10-Q for the quarter ended June 30, 2016 (the "2Q 2016 10-Q") with the SEC, which provided the

7

Class Action Complaint for Violation of the Federal Securities Laws

Company's second quarter 2016 financial results and position and stated that the Company's disclosure controls were effective as of June 30, 2016. The 2Q 2016 10-Q also disclosed that, as of June 30, 2016, "[t]here have been no changes in our internal control over financial reporting or in other factors during the second quarter of 2016 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 2Q 2016 10-Q was signed by Defendants Miller and Filton. The 2Q 2016 10-Q contained signed SOX certifications by Defendants Miller and Filton attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

23. On November 8, 2016, the Company filed a Form 10-Q for the quarter ended September 30, 2016 (the "3Q 2016 10-Q") with the SEC, which provided the Company's third quarter 2016 financial results and position and stated that the Company's disclosure controls were effective as of September 30, 2016. The 3Q 2016 10-Q also disclosed that, as of September 30, 2016, "[t]here have been no changes in our internal control over financial reporting or in other factors during the third quarter of 2016 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 3Q 2016 10-Q was signed by Defendants Miller and Filton. The 3Q 2016 10-Q contained signed SOX certifications by Defendants Miller and Filton attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

24. The statements referenced in ¶¶ 15 – 23 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or

failed to disclose that: (1) Universal Health admitted patients based on its own financial considerations and not upon the medical necessity of the patient; (2) Universal Health would keep patients admitted until their insurance payments ran out in order to ensure the maximum payment for its services; (3) as a result, Universal Health's revenues from inpatient care relied on unsustainable practices; (4) in turn, Universal Health lacked effective internal control concerning its practices and policies of admitting patients; and (5) as a result, Universal Health's public statements were materially false and misleading at all relevant times.

## The Truth Emerges

25. On December 7, 2016, *BuzzFeed* published an article titled "Intake", detailing its year-long investigation into Universal Health, which was "based on interviews with 175 current and former UHS staff, including 18 executives who ran UHS hospitals; more than 120 additional interviews with patients, government investigators, and other experts; and a cache of internal documents." The report stated that "[c]urrent and former employees from at least 10 UHS hospitals in nine states said they were under pressure to fill beds by almost any method – which sometimes meant exaggerating people's symptoms or twisting their words to make them seem suicidal – and to hold them until their insurance payments ran out." The report further stated that "[t]wo dozen current and former employees from 14 UHS facilities across the country told BuzzFeed News that the rule was to keep patients until their insurance ran out in order to get the maximum payment," and that "scores of employees from at least a dozen UHS hospitals said those facilities tried to keep beds filled even at the expense of the safety of their staff or the rights of the patients they were locking up." The report also quoted Rick Buckelew, a Universal Health employee who ran Austin Lakes Hospital in Texas until 2014, who stated that "[i]f an insurance company gave you so many days, you were expected to keep the patient there that many days" and that this "was a 'common

Class Action Complaint for Violation of the Federal Securities Laws

1  practice' that was openly discussed in regional conferences as well as phone calls
2  with hospital executives."

3       26.     On this news, shares of Universal Health fell $15.01 per share, or
4  nearly 12%, from its previous closing price to close at $111.36 per share on
5  December 7, 2016, damaging investors.

6       27.     As a result of Defendants' wrongful acts and omissions, and the
7  precipitous decline in the market value of the Company's Class B common stock,
8  Plaintiff and other Class members have suffered significant losses and damages.

### **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

     28.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Universal Health Class B common stock publicly traded on the NYSE during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

     29.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Universal Health's Class B common stock was actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Universal Health or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

Class Action Complaint for Violation of the Federal Securities Laws

30. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

32. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of Universal Health;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Individual Defendants caused Universal Health to issue false and misleading SEC filings and public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- whether the prices of Universal Health's Class B common stock during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Universal Health Class B common stock is traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's Class B common stock; and

- Plaintiff and members of the Class purchased and/or sold Universal Health Class B common stock between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

35. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

36. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I
### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38. This Count is asserted against Universal Health and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

39. During the Class Period, Universal Health and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

40. Universal Health and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

13
Class Action Complaint for Violation of the Federal Securities Laws

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Universal Health Class B common stock during the Class Period.

41. Universal Health and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Universal Health were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Universal Health, their control over, and/or receipt and/or modification of Universal Health allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Universal Health, participated in the fraudulent scheme alleged herein.

42. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Universal Health personnel to members of the investing public, including Plaintiff and the Class.

43. As a result of the foregoing, the market price of Universal Health Class B common stock was artificially inflated during the Class Period. In ignorance of the falsity of Universal Health's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Universal Health Class

B common stock during the Class Period in purchasing Universal Health Class B common stock at prices that were artificially inflated as a result of Universal Health's and the Individual Defendants' false and misleading statements.

44. Had Plaintiff and the other members of the Class been aware that the market price of Universal Health Class B common stock had been artificially and falsely inflated by Universal Health's and the Individual Defendants' misleading statements and by the material adverse information which Universal Health's and the Individual Defendants did not disclose, they would not have purchased Universal Health's Class B common stock at the artificially inflated prices that they did, or at all.

45. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

46. By reason of the foregoing, Universal Health and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Universal Health Class B common stock during the Class Period.

## COUNT II
### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

47. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. During the Class Period, the Individual Defendants participated in the operation and management of Universal Health, and conducted and participated, directly and indirectly, in the conduct of Universal Health's business affairs. Because of their senior positions, they knew the adverse non-public information regarding Universal Health's business practices.

15

Class Action Complaint for Violation of the Federal Securities Laws

1  49.  As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Universal Health's financial condition and results of operations, and to correct promptly any public statements issued by Universal Health which had become materially false or misleading.

50.  Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Universal Health disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Universal Health to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Universal Health within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Universal Health's Class B common stock.

51.  Each of the Individual Defendants, therefore, acted as a controlling person of Universal Health. By reason of their senior management positions and/or being directors of Universal Health, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Universal Health to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Universal Health and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

52.  By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Universal Health.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: December 23, 2016                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff