**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION FUND, et al., | |
| Plaintiffs, | Case No. 2:17-cv-02817-JHS |
| vs. | **CLASS ACTION** |
| UNIVERSAL HEALTH SERVICES, INC., et al., | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of February 23, 2021 (the "Stipulation"),[1] is entered into by and between (a) Teamsters Local 456 Pension Fund and the Teamsters Local 456 Annuity Fund (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) defendants Universal Health Services, Inc., ("UHS" or the "Company"), Alan B. Miller, and Steve G. Filton (together, the "Individual Defendants" and, together with UHS, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned Action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended fully, finally, and forever to compromise, settle, release, relinquish, waive, dismiss, extinguish, and discharge with prejudice the Action and all of the Released Claims (as defined below).

---

[1] All terms with initial capitalization not otherwise defined in this introductory section or in ¶¶2 through 61 shall have the meanings ascribed to them in ¶1 herein.

WHEREAS:

A.      On December 23, 2016, investors commenced this Action, filing a class action complaint in the United States District Court for the Central District of California, styled *David Heed v. Universal Health Services Inc., et al.*, Case No. 2:16-cv-09499 (C.D. Cal.).  ECF No 1-1.

B.      On April 17, 2017, Teamsters Local 456 Pension Fund and Teamsters Local 456 Annuity Fund were appointed as Lead Plaintiffs, and Saxena White P.A. was appointed as Lead Counsel for the proposed class. ECF No. 1-56.

C.      The Action was transferred to the United States District Court for the Eastern District of Pennsylvania on June 20, 2017.  ECF No. 1-67.  The original record was received by the Eastern District of Pennsylvania on June 21, 2017.  ECF No. 1.

D.      On September 29, 2017, Lead Plaintiffs filed their Amended Class Action Complaint (ECF No. 30) (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Among other things, the Complaint alleges that UHS and the Individual Defendants violated the Exchange Act by making false and misleading statements concerning certain practices at the Company's mental health facilities.  The Complaint alleges that, as a result of these alleged misrepresentations and omissions, the price of UHS's common stock was artificially inflated during the Settlement Class Period.

E.      On December 6, 2017, Defendants moved to dismiss the Complaint for failure to state a claim.  ECF No. 34.  On February 7, 2018, Lead Plaintiffs opposed Defendants' motion to dismiss.  ECF No. 35.  On March 26, 2018, Defendants filed their reply in further support of their motion to dismiss.  ECF No. 36.

F.      On July 17, 2018, the Action was reassigned from Chief Judge Lawrence F. Stengel to the Honorable Robert F. Kelly.  ECF No. 37.  On July 19, 2018, the Action was reassigned to the Honorable Joel H. Slomsky.  ECF No. 38.

G.      The Honorable Joel H. Slomsky held a hearing regarding the motion to dismiss on September 12, 2018.  ECF No. 47.  On October 5, 2018, the parties submitted supplemental briefing concerning the motion.  ECF Nos. 50, 51.

H.      On August 19, 2019, the Court issued an Opinion and Order granting Defendants' motion to dismiss.  ECF Nos. 58, 59.

I.      On August 26, 2019, Lead Plaintiffs filed a motion seeking a schedule for amending the Complaint.  ECF No. 60.  Defendants opposed the motion on September 3, 2019.  ECF No. 61.  On September 16, 2019, Plaintiffs timely filed under Rule 59(e) of the Federal Rules of Civil Procedure a motion to alter or amend the Court's dismissal order and requesting leave to amend. ECF No. 62.  Plaintiffs attached a proposed Second Amended Complaint as an exhibit to their motion. ECF No. 62-2.  Defendants opposed the Rule 59(e) motion on September 30, 2019 (ECF No. 63), and Plaintiffs filed a reply in support of their motion on October 7, 2019 (ECF No. 67).

J.      On March 16, 2020, the Court denied Plaintiffs' motion for a scheduling order. ECF No. 68.  On April 29, 2020, the Court denied Plaintiffs' Rule 59(e) motion, concluding that amendment would be futile because the asserted claims fail as a matter of law.  ECF Nos. 69, 70.

K.      On May 29, 2020, Plaintiffs timely filed a notice of appeal regarding the Court's orders granting Defendants' motion to dismiss and denying Plaintiffs' Rule 59(e) motion.  ECF No. 71.

L.      On August 3, 2020, Plaintiffs timely filed their initial brief in the Third Circuit Court of Appeals, as well as a motion for judicial notice. *See Teamsters Local 456 Pension Fund et al., v. Universal Health Services Inc., et al.*, Case No. 20-2094 (3d Cir.), ECF Nos. 18-19.

M.      While the appeal was pending, and before Defendants filed a responsive brief, the Parties agreed to participate in a private mediation.  The Parties filed a joint motion to stay the appeal on September 24, 2020, which the Third Circuit Court of Appeals granted the next day. *See Teamsters Local 456 Pension Fund et al., v. Universal Health Services Inc., et al.*, Case No. 20-2094 (3d Cir.), ECF Nos. 29-30.  The Parties selected the Honorable Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. of JAMS to serve as mediators.  On October 12, 2020, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages.  The Parties, and Defendants' directors' and officers' liability insurance carriers, participated in a full-day mediation session via Zoom video conference on October 21, 2020.  The session ended without an agreement to settle. Following that mediation, however, the Parties continued to engage in settlement discussions with the involvement of the mediators.

N.      On December 10, 2020, the parties reached an agreement in principle, upon a mediator's proposal, to settle and release all claims against the Defendants in return for a cash payment of $17.5 million for the benefit of the Settlement Class, subject to certain terms and conditions, including the execution of a customary settlement stipulation and Court approval.

O.      This Stipulation (together with the exhibits hereto and the Supplemental Agreement) reflects the final and binding agreement among the Parties.

P.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair,

reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action, pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

Q.      This Stipulation and the Settlement constitute a compromise of all matters that are in dispute among the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation and Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to (i) any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or (ii) any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants have asserted and continue to assert that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the Action is without merit.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, this Stipulation shall in no event be construed or deemed

to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, prosecuted, and settled by Plaintiffs in good faith and defended by Defendants in good faith in compliance with Rule 11 of the Federal Rules of Civil Procedure, and that the Action is being voluntarily settled with the advice of counsel.  Moreover, Lead Counsel submit that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, without any admission or concession of any liability, wrongdoing, or lack of merit, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendant Releasees and all Released Defendants' Claims as against the Plaintiff Releasees shall be settled, released, and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:[2]

(a)      "Action" means the consolidated securities class action in the matters styled *Teamsters Local 456 Pension Fund, et al., v. Universal Health Services, Inc., et al.*, Case No. 2:17-

---

[2] For ease of reference, certain capitalized terms are defined elsewhere in this Stipulation, but shall nonetheless be treated as having been defined in this ¶1.

v-02817-JHS (E.D. Pa.), and *Teamsters Local 456 Pension Fund et al., v. Universal Health Services Inc., et al.*, Case No. 20-2094 (3d Cir.), and includes all actions consolidated therein.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court in the Action, but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Claim Form to the Claims Administrator that satisfies all the requirements set forth in the Claim Form in accordance with the requirements established by the Court, or whose Claim Form is otherwise approved by the Court for payment from the Net Settlement Fund.

(d)     "Claim" means a Claim Form submitted to the Claims Administrator.

(e)     "Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund, subject to entry of a plan of allocation and a Class Distribution Order that has become Final.

(f)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)     "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)      "Court" means the United States District Court for the Eastern District of Pennsylvania.

(j)      "Defendants' Counsel" means the law firms of Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP and Morgan, Lewis & Bockius LLP.

(k)      "Defendant Releasees" means Defendants and their respective current, former, and future parents, affiliates, subsidiaries, and divisions and their respective current, former, and future employees, members, principals, Officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, agents, insurers (including the Defendants' director and officer liability insurance carriers) and reinsurers of each of them; the successors, predecessors, estates, Immediate Family, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them; and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest.

(l)      "Effective Date" means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred, or have been waived.

(m)      "Escrow Account" means an interest-bearing account maintained at Western Alliance Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of the Escrow Agent, acting as agent for Plaintiffs and the Settlement Class, and shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Stipulation or further order of the Court.

(n)     "Escrow Agent" means the independent third party entity, Western Alliance Bank, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Stipulation and any orders entered by the Court, acting as agent for Plaintiffs and the Settlement Class, and subject to the jurisdiction of the Court.

(o)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account, consistent with the provisions of this Stipulation.

(p)     "Final" means, with respect to any order of court, including, without limitation, the Judgment: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise; or (b) the later of (A) the date the judgment or order is finally affirmed on an appeal; (B) the expiration of the time to file a petition for a writ of certiorari or other form of review; (C) the denial of a writ of certiorari or other form of review; or (D) if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to (i) attorneys' fees, costs, or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay or preclude a judgment from becoming Final.

(t)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law,

and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court upon approval of the Settlement.

(v)     "Liaison Counsel" means the law firm Promisloff Law, P.C.

(w)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(x)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions.

(y)     "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(z)     "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(aa)     "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(bb)    "Opt-out Deadline" means the last date by which the Claims Administrator must receive a request for exclusion to be considered timely (as set forth in the Notice), unless otherwise ordered by the Court.

(cc)    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(dd)    "Plaintiff Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former Officers, directors, insurers, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(ee)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund as set forth in the Notice or subsequently modified.

(ff)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(gg)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(hh)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ii)    "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include:

(i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by UHS or any of its current, former, or future directors, officers, or employees under their insurance policies.

(jj)     "Released Plaintiffs' Claims" means all claims, rights, duties, controversies, obligations, debts, demands, actions, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other rule or regulation, whether at law or equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether matured or unmatured, whether liquidated or unliquidated, that Plaintiffs or any other member of the Settlement Class:  (i) asserted in the Action; or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, events, matters, disclosures, non-disclosures, representations, statements, omissions, events, acts or alleged failures to act that were involved, set forth, or referred to in the Action or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and that arise out of or relate to the purchase, sale, acquisition, or retention of UHS common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein.  Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the shareholder derivative action filed in the United States District Court for the Eastern District of Pennsylvania entitled *In re Universal Health Services, Inc., Derivative Litigation,* Case No. 2:17-cv-2187-JHS (E.D. Pa.), including any cases

consolidated with or into that shareholder derivative action; (iii) any claims brought by the U.S. Department of Justice or any other governmental agency; or (iv) any claims of any person or entity who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court.

(kk)    "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

(ll)    "Releases" means the releases set forth in ¶¶5-6 of this Stipulation.

(mm)  "Settlement" means the settlement among Plaintiffs, on behalf of themselves and the Settlement Class, and each of the Defendants on the terms and conditions set forth in this Stipulation.

(nn)    "Settlement Amount" means seventeen and one half million dollars ($17.5 million).

(oo)    "Settlement Class" means all persons and entities who or which purchased or otherwise acquired UHS common stock during the period from March 2, 2015 through July 25, 2017, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of UHS during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of UHS during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities

who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(pp)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(qq)    "Settlement Class Period" means the period between March 2, 2015 and July 25, 2017, inclusive.

(rr)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ss)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(tt)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(uu)    "Taxes" means: (i) all taxes, fees, levies, duties, tariffs, imposts and other charges of any kind (including any interest or penalties thereon) imposed by any governmental authority (including, but not limited to, any local, state and federal taxes) on the Settlement Fund (including any income earned by the Settlement Fund); (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(vv)    "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member or Plaintiff Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  This includes any such claims, which, if known by such party, might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to whether or not to object to this Settlement or to seek exclusion from the Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties hereby expressly compromise, settle, release, relinquish, waive, dismiss, extinguish, and discharge, fully, finally, and forever, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, compromised, settled, released, relinquished, waived, dismissed, extinguished, and discharged, fully, finally, and forever, any and all Released Claims, known or unknown, suspected

or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, and without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CERTIFICATION OF THE SETTLEMENT CLASS

2.     Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as class representatives for the Settlement Class; and (c) appointment of Lead Counsel and Liaison Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class and the scheduling of a hearing for consideration of final approval of the Settlement.  Plaintiffs' motion for preliminary approval shall not be opposed by Defendants, and the Settlement Hearing shall be scheduled no earlier than 100 days following the execution of this Settlement.  Concurrently with the motion

for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit A.

## **RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Upon the Effective Date, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form to the Claims Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, extinguished, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) against each and all of the Defendant Releasees, and shall have covenanted not to sue any of the Defendant Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the

Defendant Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  The foregoing provisions shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.      Upon the Effective Date, Defendants, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, extinguished, and discharged each and all of the Released Defendants' Claims against each and all of Lead Plaintiffs and the other Plaintiff Releasees, and shall have covenanted not to sue any of the Plaintiff Releasees with respect to any of the Released Defendants' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment or Alternate Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Defendants' Claims (including any Unknown Claims) against any of the Plaintiff Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendant Releasees, Defendants shall cause the Settlement Amount to be deposited into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' receipt from Lead Counsel of: (i) a signed IRS Form W-9 reflecting a valid taxpayer identification number for the Escrow Agent; and (ii) complete and satisfactory wire transfer, ACH transfer, or EFT payment instructions for Escrow Agent (including contact information and a physical address).  Other than the obligation to pay or cause to be paid the Settlement Amount into the Escrow Account as described in this paragraph, Defendants and their Released Persons shall have no obligation to make any other payment pursuant to this Stipulation, and shall have no responsibility, obligation, or liability with respect to the Escrow Account, the monies maintained in the Escrow Account, or the administration of the Settlement, including, without limitation: (a) any act, omission, or determination by Lead Counsel, Liaison Counsel, or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (b) the Plan of Allocation; (c) the determination, administration, calculation, or payment of any Claim asserted against the Settlement Fund; (d) any loss suffered by, or fluctuation in the value of, the Settlement Fund; and (e)  any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, management, supervision or distribution of

any portion of the Settlement Fund. No Individual Defendant shall be responsible for funding any portion of the Settlement Amount.

## USE OF SETTLEMENT FUND

9.      Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other Court-approved deductions.  Under no circumstances will Defendants (or any of the other Defendant Releasees) be required to pay more than the Settlement Amount.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below, or as otherwise ordered by the Court.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any

account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Defendant Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Lead Counsel shall make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Internal Revenue Code and treasury regulations in order to maintain its treatment as a Qualified Settlement Fund.  The Defendants and the other Defendant Releasees shall have no liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the

Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement,

and without further order of the Court, and the Escrow Agent shall be authorized (notwithstanding

anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds

necessary to pay such amounts, including the establishment of adequate reserves for any Taxes

and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

§ 1.468B-2(l)(2)). Any tax returns prepared for the Settlement Fund (as well as the election set

forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all

Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as

provided herein. The Defendants and the other Defendant Releasees shall have no responsibility

or liability for the acts or omissions of Lead Counsel, Liaison Counsel, the Claims Administrator,

the Escrow Agent, or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the

Effective Date, no Defendant, Defendant Releasee, or any other person or entity who or which

paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund

or any portion thereof for any reason whatsoever, including, without limitation, the number of

Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the

percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net

Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet

occurred, Lead Counsel may pay from the Settlement Fund, without further approval from

Defendants or further order of the Court, Notice and Administration Costs actually incurred and

paid or payable; *provided, however*, that Lead Counsel may approve only up to $250,000 in Notice

and Administration Costs prior to the Settlement Hearing without further court approval.  Such

costs and expenses shall include, without limitation, the actual costs of printing and mailing the

Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the

Notice to their beneficial owners, the administrative expenses incurred and fees charged by the

Claims Administrator in connection with providing notice, administering the Settlement (including

processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the

Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration

Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants,

any of the other Defendant Releasees, or any other person or entity who or which paid any portion

of the Settlement Amount.   Lead Plaintiffs, Lead and Liaison Counsel, Defendants and

Defendants' Counsel shall not bear any liability for Notice and Administration Costs.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from

(and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of

Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and

expenses directly related to their representation of the Settlement Class, to be paid from (and out

of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or

reimbursement of Litigation Expenses is not the subject of any agreement between Defendants and

Plaintiffs other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be

paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court enters an

order awarding such attorneys' fees and Litigation Expenses, notwithstanding the existence of any

objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any

part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen  (15) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  The allowance or disallowance of, including the amount of, any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation and are not conditions of the Settlement embodied herein, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation.  Lead Counsel agrees that they are subject to the jurisdiction of the Court for purpose of enforcing this paragraph.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Any order or proceeding relating to any fee or expense application, or any appeal from any order relating thereto or reversal or modification hereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein.

17.    With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided by ¶ 8, Defendants and the other Defendant Releasees (including Defendants' insurance carriers) shall have no responsibility or

liability whatsoever with respect to: (a) the payment, allocation, or award of attorneys' fees or Litigation Expenses; (b) any other attorneys' fees, costs, and/or Litigation Expenses incurred by or behalf of any person or entity (other than Defendants and Defendants' agents) in connection with this Action or the Settlement; or (c) any obligation of Lead Counsel or Liaison Counsel to make appropriate refunds or repayments to the Settlement Fund or interest thereon. The attorneys' fees and Litigation Expenses shall be payable solely from the Settlement Fund in the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than UHS's obligation to provide its shareholder lists as provided in ¶ 19 below, none of the Defendants nor any other of the Defendant Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable

effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, UHS shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) shareholder lists (consisting of names and addresses) of the holders of UHS common stock during the Settlement Class Period reasonably available to UHS and its transfer agent, which information the Claims Administrator and Lead Counsel shall treat as confidential.

20. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

21. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation. Defendants

and the other Defendant Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other of the Defendant Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment or the Alternate Judgment, if applicable) to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiffs' Claims.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other of the Defendant Releasees, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member, and no Defendant, or any other of the Defendant Releasees, shall have any responsibility for, interest in, or liability for any such decision of the Claims Administrator or Lead Counsel.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.     The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

25.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternate Judgment, if applicable), and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendant Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)      Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

26.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity

and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.     Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order:  (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment (or Alternate Judgment, if applicable) to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No Claimant or Settlement Class Member shall have any claim against Plaintiffs, Lead Counsel, Liaison Counsel, Defendants, Defendants' Counsel, any Parties' damages experts, the Claims Administrator (or any other agent designated by Lead Counsel), or any of the other Defendant Releasees based on any investments, costs, expenses, administration activities, allocations, calculations, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation

approved by the Court, or further orders of the Court.  Defendants, Defendants' Counsel, and Defendant Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest or penalties) of Tax Expenses owed by the Settled Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)      the time for Defendants to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below) has expired or otherwise been waived;

(d)      the time for Plaintiffs to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.      Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.      If (i) any of the Defendants exercise his, her, or its right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)      Plaintiffs and Defendants shall revert to their respective positions in the Action as of December 18, 2020;

(c)      The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 35, 37, 58, and 59 shall have no further force and effect with respect to the Parties

and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants' insurance carriers which funded portions of the Settlement Amount (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants' insurance carriers which funded portions of the Settlement Amount (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above. In addition, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such applications(s) for the refund, to the Defendants or their insurance carriers as instructed by the Defendants with the consent of all of the insurance carriers contributing to the Settlement Amount.

35.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and UHS, acting on behalf of the Defendants, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final

refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States. In the event of such termination of the Settlement, the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in the Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, UHS, acting on behalf of the Defendants, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement as set forth in subparagraphs (a)-(c) below.

(a)     All persons and entities who are entitled to be Settlement Class Members ("Potential Settlement Class Members") shall have the right to exclude themselves, or opt-out, from the Settlement Class.  Such Potential Settlement Class Members who wish to elect to opt-out must submit a request for exclusion that satisfies the requirements set forth in the Notice to the Claims Administrator by the Opt-out Deadline.  All Potential Settlement Class Members who

validly opt-out shall be excluded from any and all rights and obligations under the Settlement, but those who do not opt-out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Claim, unless otherwise ordered by the Court.

(b)      The Claims Administrator shall provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests within three (3) business days of receipt and in no event later than fifteen (15) calendar days prior to the Settlement Hearing.

(c)      The Supplemental Agreement sets forth certain conditions under which this Settlement may be terminated by UHS, acting on behalf of the Defendants.  The Supplemental Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application.  In such event, the Parties shall request that the Supplemental Agreement be filed under seal.  The Opt-out Threshold (defined in the Supplemental Agreement) may be disclosed to the Court for purposes of the approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-out Threshold as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, the provisions of ¶ 34 above shall apply.

## <u>NO ADMISSION OF WRONGDOING</u>

37.      Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Judgment (or any Alternate Judgment), the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be:  (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (A) the truth of any fact alleged by Plaintiffs, (B) the validity of any claim that was or could have been asserted, (C) the deficiency of any defense that has been or could have been asserted in this Action, (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees, (E) any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or (ii) in any way referred to for any other reason against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be:  (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (A) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (B) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if this Stipulation is approved by

the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

38.     As set forth in the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, UHS shall cause to be timely served a CAFA notice within ten calendar days of the filing of this Stipulation with the Court.  UHS shall be responsible for all costs and expenses related thereto.  In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned (but such amount is not promptly deposited into the Settlement Fund by others), then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or

37

owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34.

41.     The Parties intend this Stipulation and the Settlement (including the Exhibits attached hereto and the Supplemental Agreement) to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendant Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by The Honorable Daniel Weinstein (Ret.) and Jed D. Melnick, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  Likewise, while retaining their right to assert their claims in the Action were meritorious, Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution), will

not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the Action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.     This Settlement is not conditioned upon the settlement, or the approval of settlement, of any other lawsuit, including, without limitation, any derivative suits or actions brought by the U.S. Department of Justice or any other governmental authority concerning the allegations, transactions, facts, matters, occurrences, representations, or omissions involved, set forth, or referred to in the Complaint.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     Pending preliminary approval of the Court of this Stipulation and its exhibits, all other proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees until final approval of the Settlement or termination of this Stipulation as provided for herein.

47.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

50.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tiff image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

52.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of the Commonwealth of Pennsylvania without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.  The Court shall retain jurisdiction with respect

to implementation and enforcement of the terms of this Stipulation, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to Settlement.

54.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel:     Saxena White P.A.
                   Attn: Lester R. Hooker
                   7777 Glades Rd., Suite 300
                   Boca Raton, FL 33434
                   Tel: 561-206-6708
                   Fax: 561-394-3382
                   Email: lhooker@saxenawhite.com

If to Defendants or Defendants' Counsel:  Robbins, Russell, Englert, Orseck,
                   Untereiner & Sauber LLP
                   Attn: Gary A. Orseck
                   2000 K Street NW, 4th Floor
                   Washington, DC 20006
                   Tel: 202-775-4500
                   Fax: 202-775-4510
                   Email: gorseck@robbinsrussell.com

                   Morgan, Lewis & Bockius LLP
                   Attn: Steven A. Reed
                   1701 Market Street
                   Philadelphia, PA 19103
                   Tel: 215-963-5000
                   Fax: 215-963-5001
                   Email: steven.reed@morganlewis.com

58.  Except as otherwise provided herein, each Party shall bear its own costs. The Judgment or the Alternate Judgment, if applicable, shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party or Defendants' director and officer liability insurance carriers, except for the payments expressly provided for herein.

59.  Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, and except as provided for in this Stipulation, required by law, or ordered by the Court, the Parties and their counsel shall use their best efforts to keep confidential all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation.  Defendants nevertheless retain the right to disclose such confidential information as is reasonably necessary, in their sole

judgment and discretion, to inform their directors, officers, employees, investors, auditors, insurers, counsel, accountants, financial professionals and/or tax professionals.

60.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

61.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 23, 2021.

**SAXENA WHITE P.A.**

By: _____

Maya Saxena
Joseph E. White, III
Lester R. Hooker
Dianne M. Pitre
7777 Glades Rd., Suite 300
Boca Raton, FL 33434
Tel: 561-394-3399
Fax: 561-394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
dpitre@saxenawhite.com

-and-

Steven B. Singer
Kyla Grant
10 Bank Street, 8th Floor
White Plains, NY 10606
Tel: 914.437.8551
Fax: 888.631.3611
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and the Proposed Settlement Class*

David M. Promisloff (ID# 200971)
**PROMISLOFF LAW, P.C.**
5 Great Valley Parkway, Suite 210
Malvern, PA  19355
Telephone: (215) 259-5156
Facsimile: (215) 600-2642
David@prolawpa.com

*Liaison Counsel for Lead Plaintiffs and the Proposed Settlement Class*

**ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**

By: _____
Gary A. Orseck
Matthew M. Madden
D. Hunter Smith
2000 K Street NW, 4th Floor
Washington DC 20006
Tel: (202) 775-4500
Fax: (202) 776-4510
gorseck@robbinsrussell.com

- and -

**MORGAN, LEWIS & BOCKIUS LLP**

Steven A. Reed (Pa. ID 60145)
Laura H. McNally (Pa. ID 310658)
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
steven.reed@morganlewis.com

*Counsel for Defendants*