# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION FUND, et al., | |
| Plaintiffs, | Case No. 2:17-cv-02817-JHS |
| vs. | **CLASS ACTION** |
| UNIVERSAL HEALTH SERVICES, INC., et al., | **EXHIBIT A** |
| Defendants. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a putative class action is pending in this Court entitled *Teamsters Local 456 Pension Fund, et al., v. Universal Health Services, Inc., et al.*, Case No. 2:17-cv-02817-JHS (E.D. Pa.) (the "Action");

WHEREAS, (a) Lead Plaintiffs Teamsters Local 456 Pension Fund and Teamsters Local 456 Annuity Fund, on behalf of themselves and the Settlement Class (defined below), and (b) Defendants Universal Health Services, Inc. ("UHS" or the "Company"), and Alan B. Miller and Steve G. Filton ("Individual Defendants" and, together with UHS, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated February 23, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary

approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased, or otherwise acquired UHS common stock during the period from March 2, 2015 through July 25, 2017, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of UHS during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of UHS during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of

law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action on behalf of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel and Liaison Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at __:__ _.m. [**NOTE:** not earlier than 100 calendar days after entry of an order preliminarily approving Settlement] at the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, or by telephonic, video conferencing or other electronic means, as posted on the website developed for the Settlement, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against

Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. ("A.B. Data" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within five (5) business days of the date of entry of this Order, UHS shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) shareholder lists (consisting of names and addresses) of the holders of UHS common stock during the Settlement Class Period reasonably available to UHS and its transfer agent, which information the Claims Administrator and Lead Counsel shall treat as confidential;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice

Packet"), to be mailed by first-class mail, or e-mailed, to potential Settlement Class Members at the addresses set forth in the records which UHS caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing (and/or e-mailing) and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of the Settlement Class Members' right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement

of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed (and/or emailed) and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired UHS common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement solely of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who wish to

participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online at the Settlement website (www.uhssecuritieslitigation.com) no later than one hundred (100) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete, must contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.     Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have

waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: UHS Securities Litigation, EXCLUSIONS, c/o A.B. Data Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Teamsters Local 456 Pension Fund, et al., v. Universal Health Services, Inc., et al.*, Case No. 2:17-cv-02817-JHS (E.D. Pa.)"; (iii) state the number of UHS common shares that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for

exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.    Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

16.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

9

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  **Lead Counsel**  |  **Defendants' Counsel**  |
|---|---|
| Saxena White P.A. | Robbins, Russell, Englert, Orseck, |
| Lester R. Hooker | Untereiner & Sauber LLP |
| 7777 Glades Road, Suite 300 | Gary A. Orseck |
| Boca Raton, FL 33434 | 2000 K Street, NW, 4th Floor |
| | Washington, DC 20006 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of UHS common stock that the objecting Settlement Class Member

10

purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff, and all other Settlement Class Members, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of
the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Western Alliance
Bank, for which Western Alliance Bank will serve as the Escrow Agent, shall be deemed and
considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the
Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of
the Court.

23.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and
any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement
Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations
with respect to Taxes and any reporting or filings in respect thereof without further order of the
Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the
Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails
to occur, including as the result of any appeals, this Order shall be vacated, rendered null and void,
and be of no further force and effect, except as otherwise provided by the Stipulation, and this
Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class
Members, and Defendants, and the Parties shall revert to their respective positions in the Action
as of December 18, 2020, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order nor the Stipulation (whether or not
consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any
other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the
documents prepared to effectuate this Settlement, the negotiations leading to the execution of the

Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be: (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (A) the truth of any fact alleged by Plaintiffs, (B) the validity of any claim that was or could have been asserted, (C) the deficiency of any defense that has been or could have been asserted in this Action, (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees, (E) any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or (ii) in any way referred to for any other reason against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be:  (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (A) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or (B) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which

13

could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.    **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

27.    **CAFA Notice** – Defendants shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

28.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable Joel H. Slomsky
United States District Judge

14

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSAL HEALTH SERVICES, INC., et al., <br><br> Defendants. | Case No. 2:17-cv-02817-JHS <br><br> **CLASS ACTION** <br><br> **EXHIBIT A-1** |

## NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), if, during the period from March 2, 2015, through July 25, 2017, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired common stock issued by Universal Health Services, Inc. ("UHS," or the "Company"), and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Teamsters Local 456 Pension Fund and Teamsters Local 456 Annuity Fund (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 19 below), have reached a proposed settlement of the Action for $17,500,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available at www.uhssecuritieslitigation.com.  The singular forms of nouns and pronouns include the plural and vice versa.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact UHS, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* paragraph 82 below).**

1.      **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants UHS, CEO Alan B. Miller ("Miller"), and CFO Steve G. Filton ("Filton," and, together with Miller, the "Individual Defendants," and together with UHS, "Defendants") violated the federal securities laws by making false and misleading statements or omissions related to certain business practices at the Company's behavioral health facilities. Defendants deny these claims.  A more detailed description of the Action is set forth in paragraphs 11-18 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 19 below.

2.      **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $17,500,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other Court-approved deductions) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 47-66 below.

3.      **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of UHS common stock shares purchased during the Settlement Class Period that may have been affected by the alleged conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged share is $0.44.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their UHS common stock shares, and the total number and recognized loss amount of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 47-66 below) or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Alleged Damages Per Security:**  The Parties do not agree on the average amount of alleged damages per security that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny the assertions that they violated the federal securities laws and that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.      **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay

2

expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel Saxena White P.A. will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per allegedly damaged UHS share, if the Court approves Lead Counsel's fee and expense application, is $0.15 per damaged share.

6.   **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Lester R. Hooker of Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561) 206-6708, lhooker@saxenawhite.com.

7.   **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after resolution of Lead Plaintiffs' appeal of the Court's order dismissing the Action, further contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Defendants have asserted and continue to assert that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the Action is without merit. Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class; detailed review of UHS's public filings, including SEC filings, press releases, and other public statements; locating and interviewing fact witnesses; and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR SUBMITTED TO THE SETTLEMENT WEBSITE BY NO LATER THAN _____, 2021.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 28 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 29 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that might allow you to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims, if you have a valid and timely claim. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2021 AT __:___ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                            Page __
What Is This Case About?                                              Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                          Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                 Page __
What Might Happen If There Were No Settlement?                        Page __
How Are Settlement Class Members Affected By The Action
    And The Settlement?                                              Page __
How Do I Participate In The Settlement?  What Do I Need To Do?        Page __
How Much Will My Payment Be?                                         Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                       Page __

What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself?                                                                Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement?                                                          Page __
What If I Bought UHS Common Stock Shares On Someone Else's Behalf?   Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page __

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired UHS common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 73 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    On December 23, 2016, this Action was commenced in the United States District Court for the Central District of California, styled *David Heed v. Universal Health Services Inc., et al.*, Case No. 2:16-cv-09499 (C.D. Cal.).

12.    By Order dated April 17, 2017, the court overseeing the Action appointed Local 456 Pension Fund and Local 456 Annuity Fund as Lead Plaintiffs and approved Lead Plaintiffs' selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the class. The Action was transferred to the United States District Court for the Eastern District of Pennsylvania on June 20, 2017.

13.   On September 29, 2017, Lead Plaintiffs filed their Amended Class Action Complaint (the "Complaint"), on behalf of the Settlement Class, asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges, among other things, that during the Settlement Class Period (as defined below), Defendants made false and misleading statements or omissions related to UHS's behavioral health facilities.  The Complaint further alleges that the price of UHS's common stock was artificially inflated as a result of Defendants' false and misleading statements, and that the price of UHS common stock declined when the truth regarding Defendants' alleged misrepresentations was revealed.  On December 6, 2017, Defendants moved to dismiss the Complaint for failure to state a claim, challenging every meaningful aspect of Plaintiffs' claims.  After full briefing, a hearing, and supplemental briefing, on August 19, 2019, the Court granted Defendants' motion to dismiss.  On August 26, 2019, Lead Plaintiffs filed a motion seeking a schedule for amending the Complaint.  On September 16, 2019, Lead Plaintiffs filed under Federal Rule of Civil Procedure 59(e) a motion to alter or amend the Court's dismissal order and requesting leave to amend the Complaint.  Plaintiffs submitted a proposed Second Amended Complaint along with their motion.  On March 16, 2020, the Court denied Plaintiffs' motion for a scheduling order.  On April 29, 2020, the Court denied Lead Plaintiffs' Rule 59(e) motion, concluding that permitting Lead Plaintiffs to amend the Complaint would be futile because the asserted claims fail as a matter of law.

14.   On May 29, 2020, Lead Plaintiffs filed a notice of appeal regarding the Court's orders granting Defendants' motion to dismiss and denying Lead Plaintiffs' Rule 59(e) motion.  On August 3, 2020, Lead Plaintiffs filed their initial brief in the Third Circuit Court of Appeals as well as a motion for judicial notice.  *See Teamsters Local 456 Pension Fund et al., v. Universal Health Services Inc., et al.*, Case No. 20-2094 (3d Cir.).

15.   While the appeal was pending, and before Defendants filed a responsive brief, Lead Plaintiffs and Defendants agreed to participate in a private mediation.  The mediation was held on October 21, 2020 before nationally recognized mediators the Honorable Daniel Weinstein (Ret.) and Jed D. Melnick, Esq. of JAMS.  The session ended without an agreement to settle.  Following that mediation, however, the Parties continued to engage in settlement discussions with the involvement of the mediators.  On December 10, 2020, the Parties reached an agreement in principle to settle the Action for a cash payment of $17,500,000.00 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

16.   Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

17.   The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

18.   On _____, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
| --- |

19.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> All persons and entities who or which purchased or otherwise acquired UHS common stock during the period from March 2, 2015 through July 25, 2017, inclusive, and who were damaged thereby.

Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of UHS during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of UHS during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page 18 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED TO THE SETTLEMENT WEBSITE NO LATER THAN _____, 2021.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

20.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through the appeal, further motion practice, trial, and subsequent appeals, as well as the very substantial risks they would face in establishing liability and damages.  Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, they did not cause any damage to the Settlement Class and were not made with the requisite scienter.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Lead Plaintiffs would have to prevail at several stages – the appeal of the Court's dismissal of the Action, class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

21.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $17,500,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

22.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in defeating Lead Plaintiffs' appeal or proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

24.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys

listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

25.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

26.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

27.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim Form) any distribution from the Net Settlement Fund: (i) shall be deemed by the Settlement to have, and by operation of law and of the Judgment, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, extinguished, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) (as defined in paragraph 28 below) against each and all of the Defendant Releasees (as defined in paragraph 29 below), and shall have covenanted not to sue any of the Defendant Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment; and (ii) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendant Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

28.   "Released Plaintiffs' Claims" means, all claims, rights, duties, controversies, obligations, debts, demands, actions, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other rule or regulation, whether at law or equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether matured or unmatured, whether liquidated or unliquidated, that Plaintiffs or any other member of the Settlement Class:  (i) asserted in the Action; or (ii) could have asserted in any forum, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (A) the allegations, transactions, facts, matters or occurrences, events, matters, disclosures, non-disclosures,

representations, statements, omissions, events, acts or alleged failures to act that were involved, set forth, or referred to in the Action or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment and that arise out of or relate to the purchase, sale, acquisition, or retention of UHS common stock during the Class Period; or (B) Defendants' and/or their attorneys' defense or settlement of the Action and/or the claims alleged therein. Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in the shareholder derivative action filed in the United States District Court for the Eastern District of Pennsylvania entitled *In re Universal Health Services, Inc., Derivative Litigation,* Case No. 2:17-cv-2187-JHS (E.D. Pa.), including any cases consolidated with or into that shareholder derivative action; (iii) any claims brought by the U.S. Department of Justice or any other governmental agency; or (iv) any claims of any person or entity who or which submitted a request for exclusion from the Settlement Class that was accepted by the Court.

29.   "Defendant Releasees" means Defendants and their respective current, former, and future parents, affiliates, subsidiaries, and divisions and their respective current, former, and future employees, members, principals, Officers, directors, controlling shareholders, partnerships, partners, trustees, trusts, attorneys, advisors, accountants, auditors, agents, insurers (including the Defendants' director and officer liability insurance carriers) and reinsurers of each of them; the successors, predecessors, estates, Immediate Family, heirs, executors, assigns, assignees, administrators, agents, and legal or personal representatives of each of them; and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest.

30.   "Unknown Claims" means any Released Plaintiffs' Claims that any Plaintiff or any other Settlement Class Member or Plaintiff Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims.  This includes any such claims, which, if known by such party, might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to whether or not to object to this Settlement or to seek exclusion from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law

to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 32 below) against any of the Plaintiff Releasees (as defined in paragraph 33 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

32.   "Released Defendants' Claims" means all claims, rights, liabilities, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, statutory, common, or foreign law, or any other rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by UHS or any of its current, former, or future directors, officers, or employees under their insurance policies.

33.   "Plaintiff Releasees" means Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former Officers, directors, insurers, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

34.   The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

35.   The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36.   To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted to the Settlement Website no later than _____, 2021.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.uhssecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 800-547-4406.  Please retain all records of your ownership of and transactions in UHS common stock, as they may be needed to document your

Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

37.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.    Pursuant to the Settlement, Defendants have agreed pay seventeen million five hundred thousand dollars ($17,500,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes (including any interest or penalties thereon) on any income earned by the Settlement Fund, the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other Court-approved deductions) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

40.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

41.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted to the Settlement Website on or before _____, 2021, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 28 above) against the Defendant Releasees (as defined in paragraph 29 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

43.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in UHS common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those UHS common stock shares that they purchased or acquired outside of the ERISA Plan.

44.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.    Only Settlement Class Members, i.e., persons and entities who purchased or otherwise acquired UHS common stock during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

47.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

48.    A Recognized Loss will be calculated for each share of UHS stock purchased or otherwise acquired during the Settlement Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the UHS common stock was purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such common stock was sold, and if sold, when it was sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

49.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption (which Defendants dispute) that the price of UHS common stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of UHS common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of UHS stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the common stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.  Lead Plaintiffs allege that corrective disclosures removed artificial inflation from the price of UHS stock on the following dates: July 27, 2016; December 7, 2016; December 14,

13

2016; April 26, 2017; May 24, 2017; and July 26, 2017 (the "Corrective Disclosure Dates").[2] The estimated alleged artificial inflation in the price of UHS common stock also reflects Lead Counsel's assessment of the strengths and weaknesses associated with each Corrective Disclosure Date, including difficulties of proof and potential loss causation defenses, that justify an adjustment under this Plan of Allocation of the per share Recognized Losses resulting from the disclosures on those dates.

50.    The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of UHS common stock.  Accordingly, if UHS common stock was sold before July 27, 2016 (the earliest alleged Corrective Disclosure Date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws.  Likewise, for UHS common stock both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 | | |
|---|---|---|
| Alleged Artificial Inflation in UHS Common Stock | | |
| From | To | Per-Share Price Inflation |
| March 2, 2015 | July 26, 2016 | $26.26 |
| July 27, 2016 | December 6, 2016 | $23.87 |
| December 7, 2016 | December 13, 2016 | $9.16 |
| December 14, 2016 | April 25, 2017 | $6.58 |
| April 26, 2017 | May 23, 2017 | $5.48 |
| May 24, 2017 | July 25, 2017 | $4.05 |
| July 26, 2017 | Thereafter | $0.00 |

51.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for UHS common stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on UHS common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on UHS common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

52.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in UHS common stock executed outside of regular

---

[2] An additional alleged corrective disclosure on April 18, 2017 was found by Lead Plaintiffs' damages expert to be not statistically significant.

trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

53.   A Recognized Loss will be calculated as set forth below for each purchase or acquisition of UHS common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

### UHS COMMON STOCK RECOGNIZED LOSS CALCULATIONS

54.     For each share of UHS common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, March 2, 2015 through July 25, 2017, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share of UHS common stock that was sold prior to July 27, 2016, the Recognized Loss per share is $0.00.

    ii.    For each share of UHS common stock that was sold during the period July 27, 2016 through July 25, 2017, both dates inclusive, the Recognized Loss per share is the lesser of:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

        b.    the purchase price *minus* the sale price.

    iii.    For each share of UHS common stock that was sold during the period July 26, 2017 through October 23, 2017, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or;

        b.    the purchase price *minus* the sale price; or

        c.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

    iv.    For each share of UHS common stock that was still held as of the close of trading on October 23, 2017, the Recognized Loss per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the purchase price *minus* the average closing price for UHS stock during the 90-Day Lookback Period, which is $109.14.

| Table 2 90-Day Lookback Value | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| --- | --- | --- | --- | --- | --- |
| 7/26/2017 | $112.88 | 8/24/2017 | $108.59 | 9/25/2017 | $108.96 |
| 7/27/2017 | $111.62 | 8/25/2017 | $108.61 | 9/26/2017 | $108.96 |
| 7/28/2017 | $111.58 | 8/28/2017 | $108.62 | 9/27/2017 | $108.98 |
| 7/31/2017 | $111.39 | 8/29/2017 | $108.56 | 9/28/2017 | $109.00 |
| 8/1/2017 | $111.35 | 8/30/2017 | $108.48 | 9/29/2017 | $109.04 |
| 8/2/2017 | $110.90 | 8/31/2017 | $108.47 | 10/2/2017 | $109.10 |
| 8/3/2017 | $110.54 | 9/1/2017 | $108.49 | 10/3/2017 | $109.17 |
| 8/4/2017 | $110.23 | 9/5/2017 | $108.47 | 10/4/2017 | $109.23 |
| 8/7/2017 | $109.90 | 9/6/2017 | $108.44 | 10/5/2017 | $109.29 |
| 8/8/2017 | $109.65 | 9/7/2017 | $108.49 | 10/6/2017 | $109.31 |
| 8/9/2017 | $109.39 | 9/8/2017 | $108.56 | 10/9/2017 | $109.27 |
| 8/10/2017 | $109.06 | 9/11/2017 | $108.68 | 10/10/2017 | $109.22 |
| 8/11/2017 | $108.94 | 9/12/2017 | $108.79 | 10/11/2017 | $109.19 |
| 8/14/2017 | $108.86 | 9/13/2017 | $108.87 | 10/12/2017 | $109.13 |
| 8/15/2017 | $108.81 | 9/14/2017 | $108.94 | 10/13/2017 | $109.07 |
| 8/16/2017 | $108.81 | 9/15/2017 | $108.99 | 10/16/2017 | $109.01 |
| 8/17/2017 | $108.71 | 9/18/2017 | $108.99 | 10/17/2017 | $109.00 |
| 8/18/2017 | $108.67 | 9/19/2017 | $108.96 | 10/18/2017 | $108.99 |
| 8/21/2017 | $108.63 | 9/20/2017 | $108.99 | 10/19/2017 | $109.02 |
| 8/22/2017 | $108.62 | 9/21/2017 | $108.98 | 10/20/2017 | $109.08 |
| 8/23/2017 | $108.59 | 9/22/2017 | $108.99 | 10/23/2017 | $109.14 |

### ADDITIONAL PROVISIONS

55.    The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

56.    A purchase or sale of UHS common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

57.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired UHS stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that UHS common stock was originally purchased

prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

58.     Notwithstanding any of the above, receipt of UHS common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of UHS common stock.

59.     The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against UHS common stock held as of the close of trading on March 1, 2015 (the last day before the Settlement Class Period begins) and then against the purchases of UHS stock during the Settlement Class Period.

60.     The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in UHS common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

61.     With respect to UHS common stock purchased through the exercise of a call or put option,[3] the purchase date of UHS common stock shall be the exercise date of the option and the purchase price shall be the closing price of UHS common stock on the exercise date.  Any Recognized Loss arising from purchases of UHS common stock acquired during the Settlement Class Period through the exercise of an option on UHS common stock shall be computed as provided for other purchases of UHS common stock in the Plan of Allocation.

62.     Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero.

63.     The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

64.     Settlement Class Members who do not submit an acceptable Proof of Claim will not share in the Settlement proceeds.  The Stipulation and the order and final judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

65.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Claimant or Settlement Class Member shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Defendants' Counsel, any Parties' damages expert, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendant Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes owed by the

---

[3] Including (1) purchases of UHS common stock as the result of the exercise of a call option, and (2) purchases of UHS common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Settlement Fund, or distributions that are made substantially in accordance with the Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

66.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least nine (9) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (iii) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

67.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

68.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to UHS Securities Litigation, EXCLUSIONS, c/o A.B. Data Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be received no later than _____, 2021.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Teamsters Local 456 Pension*

*Fund, et al., v. Universal Health Services, Inc., et al.*, Case No. 2:17-cv-02817-JHS (E.D. Pa.)";
(c) state the number of UHS common stock shares that the person or entity requesting exclusion
purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices
of each such purchase/acquisition and sale, and the number of UHS common stock shares held at
the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting
exclusion or an authorized representative.  A request for exclusion shall not be effective unless it
provides all the information called for in this paragraph and is received within the time stated
above, or is otherwise accepted by the Court.

69.   If you do not want to be part of the Settlement Class, you must follow these instructions
for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other
proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

70.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any
payment out of the Net Settlement Fund.

71.   UHS has the right to terminate the Settlement if valid requests for exclusion are received
from persons and entities entitled to be members of the Settlement Class in an amount that exceeds
an amount agreed to by Lead Plaintiffs and UHS, as set forth in a confidential Supplemental
Agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

72.   Settlement Class Members do not need to attend the Settlement Hearing.  The Court will
consider any submission made in accordance with the provisions below even if a Settlement Class
Member does not attend the hearing.  You can participate in the Settlement without attending the
Settlement Hearing.

73.   The Settlement Hearing will be held on _____, 2021 at __:__ _.m., before the
Honorable Joel H. Slomsky at the United States District Court for the Eastern District of
Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA,
19106, or by telephonic, video conferencing or other electronic means, as posted on the website of
the Claims Administrator. The Court reserves the right to approve the Settlement, the Plan of
Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation
Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing
without further notice to the members of the Settlement Class.

74.   Any Settlement Class Member who or which does not request exclusion may object to the
Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys'
fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must also
serve the papers on the Lead Counsel representative and on the Defendants' Counsel representative
at the addresses set forth below so that the papers are received on or before _____, 2021.

| Clerk's Office | Lead Counsel Representatives | Defendants' Counsel Representative |
| --- | --- | --- |
| U.S. District Court, Eastern District of Pennsylvania James A. Byrne U.S. Courthouse 601 Market Street Philadelphia, PA 19106 | Lester R. Hooker Saxena White P.A. 7777 Glades Road Suite 300 Boca Raton, FL 33434 | Gary A. Orseck Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP 2000 K Street, NW, 4th Floor Washington, DC 20006 |

75.     Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of UHS common stock shares that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of UHS common stock shares held at the beginning of the Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

76.     You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 74 above so that it is received on or before _____, 2021.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

78.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 74 above so that the notice is received on or before _____, 2021.

79.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

80.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT UHS COMMON STOCK SHARES ON SOMEONE ELSE'S BEHALF?

81.    If you purchased or otherwise acquired UHS common stock shares during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to UHS Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173119, Milwaukee, WI 53217.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.uhssecuritieslitigation.com, or by calling the Claims Administrator toll-free at 800-547-4406.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

82.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available online via the Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/; to the extent permitted in light of the Court's COVID-19 procedures may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106; or will be provided by the Claims Administrator or Lead Counsel upon request.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.uhssecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| UHS Securities Litigation | and/or | Lester R. Hooker |
|---|---|---|
| c/o A.B. Data, Ltd. | | SAXENA WHITE P.A. |
| P.O. Box 173119 | | 7777 Glades Road, Suite 300 |
| Milwaukee, WI 53217 | | Boca Raton, FL 33434 |
| 800-547-4406 | | (561) 206-6708 |
| UHSsecuritieslitigation.com | | lhooker@saxenawhite.com |
| info@UHSsecuritieslitigation.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021

By Order of the Court
United States District Court
Eastern District of Pennsylvania

# EXHIBIT A-2

***UHS Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173119**
**Milwaukee, WI 53217**
**Toll Free Number: (800) 547-4406**
**Settlement Website: www.UHSSecuritiesLitigation.com**
**Email:  info@UHSSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of *Teamsters Local 456 Pension Fund, et al., v. Universal Health Services Inc., et al.,* Case No. 2:17-cv-02817 (E.D. Pa.) (the "Action") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court"), you must be a Settlement Class Member, complete and sign this Proof of Claim and Release Form ("Claim Form"), and mail it by First-Class Mail to the above address, or submit it online at www.UHSSecuritiesLitigation.com, **postmarked or submitted online no later than _____, 2021.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling Parties, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address above, or online at www.UHSSecuritiesLitigation.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN UHS COMMON STOCK | 5 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 6 |

**PART I – CLAIMANT INFORMATION**

(Please read Part II - General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                         State          Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (day)               Telephone Number (evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[1]

Claimant Account Type (check appropriate box):
☐  Individual (includes joint owner accounts)      ☐  Pension Plan      ☐  Trust

☐  Corporation                                     ☐  Estate

☐  IRA/401k                                        ☐  Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity, you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities who or which purchased or otherwise acquired UHS common stock during the period from March 2, 2015, through July 25, 2017, inclusive, and who were damaged thereby.  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each Individual Defendant; (3) any person who was an Officer or director of UHS during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) any affiliates, parents, or subsidiaries of UHS during the Settlement Class Period; and (7) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  See "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" on page __ of the Notice.

4.      If you are not a Settlement Class Member, or if you, or someone acting on your behalf, submits a request for exclusion from the Settlement Class, do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class.  Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.      You are potentially eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified herein.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.**

8.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of the applicable UHS common stock.  On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable UHS common stock, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      **Please note**: To be eligible to receive a distribution under the Plan of Allocation, you must have purchased or otherwise acquired UHS common stock between March 2, 2015, and July 25, 2017, inclusive (the "Settlement Class Period").

10.      You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable UHS common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in UHS common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form

should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired UHS common stock and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired UHS common stock and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the UHS common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the UHS common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., by email at info@UHSSecuritiesLitigation.com, or by toll-free phone at (800) 547-4406, or you may download the documents from the Settlement website, www.UHSSecuritiesLitigation.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.UHSSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@UHSSecuritiesLitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@UHSSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

## PART III – SCHEDULE OF TRANSACTIONS IN UHS COMMON STOCK

Complete this Part III if and only if you purchased/acquired UHS common stock between March 2, 2015, and July 25, 2017, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than UHS common stock.

**1. HOLDINGS AS OF MARCH 1, 2015 –** State the total number of shares of UHS common stock held at the close of trading on March 1, 2015. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS FROM MARCH 2, 2015, THROUGH JULY 25, 2017 –**
Separately list each and every purchase or acquisition of UHS common stock purchased or acquired from after the opening of trading on March 2, 2015, through and including the close of trading on July 25, 2017.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**3. PURCHASES/ACQUISITIONS FROM JULY 26, 2017, THROUGH OCTOBER 23, 2017 –**
State the total number of shares of UHS common stock purchased or acquired from July 26, 2017, through and including the close of trading on October 23, 2017. If none, write "zero" or "0."[2]

**4. SALES FROM MARCH 2, 2015, THROUGH OCTOBER 23, 2017 –** Separately list each and every sale or disposition of UHS common stock from the opening of trading on March 2, 2015, through and including the close of trading on October 23, 2017. (Must be documented.)   **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**5. HOLDINGS AS OF OCTOBER 23, 2017 –**
State the total number of shares of UHS common stock held as of the close of trading on October 23, 2017.  (Must be documented.) If none, write "zero" or "0."

---

[2] Please note: Information requested with respect to your purchases of UHS common stock from after the close of trading on July 25, 2017, through and including the close of trading on October 23, 2017 (Section 3) is needed in order to balance your Claim. Purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

*PART IV – RELEASE OF CLAIMS AND SIGNATURE*

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) spouses, heirs, executors, beneficiaries, administrators, predecessors, successors, and assigns, in their capacities as such, and any Person(s) claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting this Claim Form) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have fully, finally, and forever compromised, settled, released, relinquished, waived, dismissed, extinguished, and discharged each and all of the Released Plaintiffs' Claims (including Unknown Claims) (as defined in the Stipulation and in the Notice) against each and all of the Defendant Releasees (as defined in the Stipulation and in the Notice), and shall have covenanted not to sue any of the Defendant Releasees with respect to any of the Released Plaintiffs' Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant hereto; and (b) shall be forever permanently barred, enjoined, and restrained from bringing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing, either directly or in any other capacity, any of the Released Plaintiffs' Claims (including any Unknown Claims) against any of the Defendant Releasees in the Action or in any other action or proceeding, in any state, federal, or foreign court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in this Claim Form and in paragraph ___ on page ___ of the Notice, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in this Claim Form and in paragraph ___ on page ___ of the Notice;

3.    that I (we) own(ed) the UHS common stock and have not assigned the claim against the Defendant Releasees to another or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of UHS common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator, or the Court may require;

7.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of Claimant                                                                              Date

_____
Print your name here

_____          _____
Signature of joint Claimant, if any                                                            Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of Claimant                                  Date

_____
Print your name here

**Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc.*  (Must provide evidence of authority to act on behalf of claimant – see paragraph 13 on page 4 of this Claim Form.)**

### REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2. Remember to attach only **copies** of acceptable supporting documentation, as these documents will not be returned to you.
3. Please do not highlight any portion of the Claim Form or any supporting documents.
4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5. Keep copies of the completed Claim Form and documentation for your own records.
6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested, or its equivalent.  You will bear all risks of delay or non-delivery of your claim.
7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@UHSSecuritiesLitigation.com, toll-free at (800) 547-4406, or visit www.UHSSecuritiesLitigation.com.

Please DO NOT call Universal Health Services, Inc. or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE **SUBMITTED ONLINE BY _____, 2021** OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2021**, ADDRESSED AS FOLLOWS:

*UHS Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173119
Milwaukee, WI 53217

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted if a postmark date on or before _____, 2021, is indicated on the envelope and it is mailed First-Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION FUND, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNIVERSAL HEALTH SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 2:17-cv-02817-JHS<br><br>**CLASS ACTION**<br><br>**EXHIBIT A-3** |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:  All persons and entities who or which, during the period from March 2, 2015, through July 25, 2017 inclusive, purchased or otherwise acquired Universal Health Services, Inc. ("UHS") common stock, and were damaged thereby (the "Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class as set forth in the full printed Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement of Class Action; (II) Settlement Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $17,500,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2021 at __:__ _.m., before the Honorable Joel H. Slomsky at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator.  The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And

Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at UHS Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173119, Milwaukee, WI 53217, or calling 800-547-4406. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.uhssecuritieslitigation.com (the "Settlement Website").

If you are a member of the Settlement Class, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked or submitted to the Settlement Website no later than _____, 2021. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2021, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2021, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, UHS, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

UHS Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173119
Milwaukee, WI 53217
800-547-4406
www.uhssecuritieslitigation.com
info@uhssecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Lester R. Hooker
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434
(561) 206-6708
lhooker@saxenawhite.com

Dated: _____, 2021

By Order of the Court
United States District Court
Eastern District of Pennsylvania

3