UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION FUND, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNIVERSAL HEALTH SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 2:17-cv-02817-JHS<br><br>**CLASS ACTION** |

**ORDER AWARDING ATTORNEYS' FEES AND REIMBURSING LITIGATION EXPENSES**

WHEREAS, this matter came on for hearing on July 15, 2021 (the "Settlement Hearing") on Lead Plaintiffs' request for attorneys' fees and litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *the PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and reimbursement of litigation expenses requested,

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated February 23, 2021 (ECF No. 76) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

1

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiffs' request for attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for attorneys' fees and reimbursement of litigation expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of one-third of the Settlement Fund and $178,287.99 in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a) The Settlement has created a Settlement Fund of $17,500,000 that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b) The fee sought has been reviewed and approved by Lead Plaintiffs, sophisticated institutional investors that oversaw the Action and have a substantial interest in ensuring that any attorneys' fees paid are duly earned and not excessive;

c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy, and with considerable challenges from formidable opposition;

d) The Action involves complex factual and legal issues;

e) Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from the Defendants;

f) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

g) Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation;

h) Plaintiffs' Counsel devoted over 3,900 hours, with a lodestar value of over $2.63 million, to achieve the Settlement; and

i) The amounts of attorneys' fees and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases in this District, the Third Circuit and nationwide.

6. In accordance with 15 U.S.C. § 78u-4(a)(4), the Court hereby awards Lead Plaintiffs reimbursement for their reasonable costs and expenses directly incurred in representing

the Class during the prosecution of this Action in the amount of $3,374.40, which shall be paid from the Settlement Fund.

7. Any appeal or any challenged affecting this Court's approval regarding attorneys' fees and reimbursing litigation expenses shall in no way disturb or affect the finality of the Judgment and shall not affect or delay the Effective Date of the Settlement.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matter relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 15th day of July, 2021.

                                                   /s/Joel H. Slomsky, J.
                                    The Honorable Joel H. Slomsky
                                    United States District Judge